THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALBERT VIESSE, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TACOMA SCREW PRODUCTS, INC., *et al.*,<br><br>Defendants. | CASE NO. C16-1026-JCC<br><br>STIPULATION AND ORDER |

This matter comes before the Court on the parties' stipulation to seal exhibits 4 and 5 (Dkt. No. 25).

## **STIPULATION**

Plaintiff Albert Viesse, individually and on behalf of all others similarly situated, and Defendant Tacoma Screw Products, Inc., by and through their respective counsel, agree to this stipulated motion and respectfully request that the Court seal Exhibits 4 and 5 filed under seal concurrently with this Motion.

This Motion is based upon the following:

### **The Court's Protective Order**

On March 30, 2017, this Court approved of and entered a Stipulated Protective Order. (Dkt. No. 24.) The Stipulated Protective Order provided, among other things, that

"'Confidential' material shall include … documents containing sensitive, financial or confidential information about third parties or parties" and that "Tacoma Screw Products proprietary and confidential business information that is 'Confidential', includes, but is not limited to … Sales information; and Similar proprietary or confidential business data." (Dkt. No. 24 at p. 2:1-13.)

**Documents Produced Subject To Protective Order And Marked Confidential**

As part of the discovery process in this case Defendant produced documents Bates numbered TSP000812-TSP001551 that were marked by Defendant as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." These documents consist entirely of merchant statements provided to Defendant from Defendant's payment card processor (Element Payment Services which later became Vantiv) that contain information about Defendant's monthly credit and debit card sales and transactions.

Defendant believes that these documents are "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" and marked them as such primarily because they contain various dollar ($) denominated sales and other dollar ($) denominated figures throughout the documents.

**Use Of The Documents For Class Certification Purposes**

Plaintiff's motion for class certification is due for filing by May 30, 2017. (Dkt. No. 21.) Concurrently with this Motion, Plaintiff is filing under seal Exhibit 4 (Bates numbered TSP001179-TSP001222) which consists of merchant statements for Defendant's Kirkland store location.

Also concurrently with this Motion, Plaintiff is filing under seal Exhibit 5 (Bates numbered TSP000812-TSP001178 and TSP001223-TSP001551) which consists of merchant statements for Defendant's other store locations.

Plaintiff intends to rely on the documents Bates numbered TSP000812-TSP001551 in support of his motion for class certification. Plaintiff will also file an expert declaration in support of his motion for class certification that references and opines on certain information

contained in the documents.  For example, but without limitation, Plaintiff intends to use the documents to show things such as samples of the number of consumer credit and/or debit cards used during the class period to support issues such as the numerosity factor of FRCP Rule 23.  For example, but without limitation, there will be statements in the brief and/or expert declaration that for the merchant statement dated 05/31/2015, there were 125 transactions using Visa Type 1Y51 at the Kirkland store.  Defendant is not concerned about such types of references.  Nor is Defendant concerned about references to "Charge Type" ranges such as "1100-1199," "1200-1299," "1300-1399," "1500-1599," "1800-1899," "1Dxx," "1Exx," "1Txx," "1Yxx," as codes/categories and ranges for credit or debit cards.  Instead, Defendant is concerned about the various dollar ($) denominated sales and other dollar ($) denominated figures that appear throughout the documents.  However, Plaintiff does not currently intend to make reference to dollar ($) denominated sales and other dollar ($) denominated figures in either Plaintiff's opening brief in support of his motion for class certification or in the initial expert declaration to be filed concurrently with his opening brief.

**Certification: The Parties Have Conferred About The Issues Resulting In This Stipulated Motion**

Counsel for the parties certify that during May 15 and 16, 2017, counsel for the parties exchanged emails concerning the issues addressed by this Motion and thereafter, on May 17, 2017 the following counsel conferred telephonically to further address the issues, attempt to reach agreement on the need to file the documents under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal: James A. Sturdevant and Chant Yedalian on behalf of Plaintiff, and Bradley B. Jones and Stephanie Bloomfield on behalf of Defendant.

As discussed above, Plaintiff does not currently intend to make reference to dollar ($) denominated sales and other dollar ($) denominated figures in either Plaintiff's opening brief in support of his motion for class certification or in the initial expert declaration to be filed

concurrently with his opening brief. Thus, for purposes of at least the opening brief and initial expert declaration in support of the motion for class certification in this case, dollar ($) denominated sales and other dollar ($) denominated figures will not be referenced and thus the public does not have a legitimate private interest to the disclosure to such information.  In contrast, and as previously reflected in the Stipulated Protective Order, Defendant believes that it has a private interest to maintain dollar ($) denominated sales and other dollar ($) denominated figures confidential, at least in an instance such as this where Plaintiff will not use such information in either Plaintiff's opening brief in support of his motion for class certification or in the initial expert declaration to be filed concurrently with his opening brief.

Further, Defendant believes that its private interests to maintain dollar ($) denominated sales and other dollar ($) denominated figures confidential will be compromised if the documents are not sealed.

The parties have conferred regarding potentially less restrictive alternatives but believe that in light of the number of pages involved and the fact that the various dollar ($) denominated sales and other dollar ($) denominated figures sought to be kept under seal appear throughout the documents, alternatives such as redaction would not be reasonably practicable.

Dated this 19th day of May, 2017.

Respectfully submitted,

By: */s James A. Sturdevant*
JAMES A. STURDEVANT
sturde@openaccess.org
119 North Commercial Street, #920
Bellingham, WA 98225
Phone: 360.671.2990

By: */s Chant Yedalian*
Chant Yedalian (*Pro Hac Vice*)
chant@chant.mobi

CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Phone: 877.574.7100
Fax: 877.574.9411

Counsel for Plaintiff


By: */s Bradley B. Jones*
By: */s Stephanie Bloomfield*
Bradley B. Jones, WSBA #17197
bjones@gth-law.com
Stephanie Bloomfield, WSBA #24251
sbloomfield@gth-law.com
GORDON THOMAS HONEYWELL LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402
Phone: 253.620.6500
Fax: 253.620.6565

Counsel for Defendant

## **ORDER**

For the foregoing reasons, the parties' stipulated motion to seal exhibits 4 and 5 (Dkt. No. 25) is GRANTED. Exhibits 4 and 5, filed under seal as Docket Numbers 26 and 27, shall REMAIN UNDER SEAL.

DATED this 23rd day of May, 2017.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE