THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALBERT VIESSE, | CASE NO. C16-1026 JCC |
| Plaintiff, | ORDER |
| v. | |
| TACOMA SCREW PRODUCTS, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's unopposed motion for class certification, the appointment of a class representative and its attorney, the appointment of a settlement administrator, the approval of the notice of settlement, the preliminary approval of the settlement agreement, and the establishment of related deadlines (Dkt. No. 44). After reviewing the documents filed in support of Plaintiff's motion, the Court hereby ORDERS the following:

1. The Court GRANTS preliminary approval of the proposed settlement upon the terms and conditions set forth in the Stipulated Settlement Agreement and Release (Dkt. No. 45 at 15–25) and the Addendum to Stipulated Settlement Agreement and Release (*Id.* at 27–29) (collectively "Agreement"). The Court preliminarily finds that the terms of the Agreement are fair, adequate and reasonable and comply with Federal Rule of Civil Procedure ("FRCP") 23.

//

2. The Court orders that the following Settlement Class[1] ("Settlement Class") is preliminarily certified for settlement purposes only: All consumers, as defined by the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681 *et seq.*, to whom Tacoma Screw Products, Inc. ("TSP") provided, at any time during the period from July 1, 2014 to July 14, 2016, an electronically printed receipt at the point of a sale or a transaction at any TSP store, on which receipt was printed the expiration date of the consumer's credit card or debit card.

3. The Court finds that, for purposes of the Agreement, the above-defined Settlement Class meets all of the requirements for class certification. The Court further finds that, for purposes of the Agreement, the requirements of FRCP 23 are satisfied and that (a) the Settlement Class is ascertainable, (b) the members of the Settlement Class are so numerous that joinder is impracticable, (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (d) the representative Plaintiff's claims are typical of the claims of the Settlement Class members, (e) the Class Representative and Class Counsel have fairly, adequately, reasonably, and competently represented and protected the interests of the Settlement Class, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court appoints Plaintiff Albert Viesse as the Class Representative for the Settlement Class.

5. The Court appoints attorneys Chant Yedalian of Chant & Company, a Professional Law Corporation, and James A. Sturdevant as Class Counsel for the Settlement Class.

6. The Court appoints Atticus Administration, LLC as the Settlement Administrator.

7. The Court preliminarily finds that the Agreement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the parties. In making these

---

[1] Capitalized terms in this order shall have the same meaning as in the Agreement, unless otherwise indicated.

preliminary findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiff and members of the Settlement Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the Agreement, and the fact that the proposed settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

8. The Court approves the proposed manner of the notice of settlement set forth in the Agreement. The Court also approves the Claim Form, Short-Form Notice, and Full Notice attached to the Addendum to the Agreement as Exhibits A, B, and C, respectively.

9. The Court finds that the proposed manner of the notice of settlement set forth in the Agreement and Addendum, and the Claim Form, Short-Form Notice, and Full Notice the Court approves of, as set forth in paragraph 8, constitutes the best notice practicable under the circumstances and is in full compliance with the United States Constitution, FRCP Rule 23, and the requirements of due process. The Court further finds that the notice fully and accurately informs Settlement Class members of all material elements of the lawsuit and the Agreement, of each member's right to be excluded from the Agreement, and each member's right and opportunity to object to the Agreement and to be heard at the fairness (final approval) hearing.

10. Settlement Class members will have until 60 calendar days after the date Short-Form Notice is first posted by TSP to exclude themselves from the Agreement (the "Opt-Out Deadline"). Settlement Class members may opt out by timely sending a written request to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The Settlement Administrator shall promptly provide a copy of any opt-out request to counsel for each of the Parties. Settlement Class members who timely opt out of the Agreement: (a) will not be a part of the Agreement; (b) will have no right to receive any benefits under the Agreement; (c) will not

be bound by the terms of the Agreement; and (d) will not have any right to object to the terms of the Agreement or to be heard at the fairness hearing.

11. Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Agreement. Any such objection must be filed with the Court and also served on Class Counsel and counsel for TSP. To be effective, any such objection must be in writing and include the contents described in paragraph 13 below, and must be filed and served no later than sixty (60) calendar days after the date Short-Form Notice is first posted by TSP. Any objections not raised properly and timely will be waived.

12. Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for an award of attorney fees and costs and/or the Class Representative's motion for service (or incentive) award. Such motion will be posted on the Settlement Website no later than thirty (30) calendar days before the final fairness hearing scheduled by the Court. Any objection must be filed with the Court and also served on Class Counsel and counsel for TSP. To be effective, any such objection must be in writing and include the contents described in paragraph 13 below, and must be filed and served no later than twenty-one (21) calendar days before the fairness hearing. Any objections not properly and timely raised will be waived.

13. To be effective, any objection described in paragraph 11 or paragraph 12 above must contain all of the following information:

    A. A reference at the beginning to this case, *Viesse, et al. v. TSP, Inc., et al.*, Case No. 2:16−cv−01026−JCC;

    B. the objector's full name, address, and telephone number;

    C. a written statement of all grounds for the objection, accompanied by any legal support for such objection;

    D. copies of any papers, briefs, or other documents upon which the objection is based;

E. a list of all persons who will be called to testify in support of the objection; and

F. a statement of whether the objector intends to appear at the fairness hearing.

If the objector intends to appear at the fairness hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the fairness hearing.

14. Any Settlement Class member who requests to be heard orally at the fairness (final approval) hearing shall file with the Court and serve on Class Counsel and TSP's counsel a written notice of intention to appear at the fairness hearing ("Notice of Intention to Appear"), which includes the Settlement Class member's name, address, telephone number, signature, and statement that it is his/her Notice of Intention to Appear in *Viesse, et al. v. TSP, Inc., et al.*, Case No. 2:16−cv−01026−JCC. Any Settlement Class member who does not provide a Notice of Intention to Appear in complete accordance with specifications set forth in the Full Notice, may be barred from speaking or otherwise presenting any views at the fairness hearing. To be timely, a Notice of Intention to Appear concerning Class Counsel's motion for an award of attorney fees and costs and/or the Class Representative's motion for service (or incentive) award must be postmarked no later than twenty-one (21) calendar days before the fairness hearing. To be timely, a Notice of Intention to Appear concerning any other matter about the Settlement must be postmarked no later than sixty (60) calendar days after the date Short-Form Notice is first posted by TSP.

15. Class Counsel's motion for an award of attorney fees and costs and the Class Representative's motion for service (or incentive) award will be filed with the Court and posted on the Settlement Website no later than thirty (30) calendar days before the final fairness hearing scheduled by the Court.

16. The Court will hold a final (fairness) hearing on April 3, 2018 at 9:00 a.m. to

consider the fairness, reasonableness, and adequacy of the proposed Settlement, as well as Class Counsel's fees and costs and the Class Representative's service (incentive) award. The Court reserves the right to adjourn or continue the final (fairness) hearing without further notice to the Settlement Class members.

DATED this 27th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE