THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ALBERT VIESSE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TACOMA SCREW PRODUCTS, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. C16-1026-JCC<br><br>JUDGMENT AND FINAL APPROVAL ORDER |

This matter comes before the Court on Plaintiffs' unopposed motion for final approval of the class action settlement, approval of the attorney fee and expense award, and approval of the incentive payment (Dkt. Nos. 48, 52), as well as an April 3, 2018 fairness hearing. For the reasons explained herein, the Court GRANTS the motion and AWARDS the relief requested.

The Court previously reviewed the Stipulated Settlement Agreement and Release ("Settlement" or "Agreement") in this matter. (Dkt. No. 45 at 15–25, 27–29.) On December 27, 2017, the Court entered an order (Dkt. No. 47) granting Plaintiff's motion for preliminary approval of the Settlement (Dkt. No. 44).

Plaintiff now moves for final approval of the Settlement (Dkt. No. 48). Plaintiff and his counsel have also moved for an award of attorney fees and the incentive payment to the class

representative (Dkt. No. 52), as provided for in the Settlement. Both motions are unopposed. The Court held a fairness (final approval) hearing on April 3, 2018.

Having duly considered all submissions and arguments presented, it is hereby ORDERED and ADJUDGED as follows:

1. The Court GRANTS final approval of the proposed settlement upon the terms and conditions set forth in the Agreement. The Court finds that the terms of the proposed settlement are fair, adequate and reasonable and comply with Federal Rule of Civil Procedure 23.

2. The Court ORDERS that the following settlement class ("Settlement Class") is certified for settlement purposes only:

"All consumers (as defined by FACTA) to whom Tacoma Screw Products, Inc. ("TSP") provided, at any time during the period July 1, 2014 to July 14, 2016, an electronically printed receipt at the point of a sale or transaction at any TSP store, on which receipt was printed the expiration date of the consumer's credit card or debit card."

3. The Court FINDS that, for purposes of the Settlement, the above-defined Settlement Class meets all of the requirements for class certification. Specifically, (a) the Settlement Class is ascertainable, (b) the members of the Settlement Class are so numerous that joinder is impracticable, (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (d) the representative Plaintiff's claims are typical of the claims of the Settlement Class members, (e) the Class Representative and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court APPOINTS Plaintiff Albert Viesse as the Class Representative for the Settlement Class.

5. The Court APPOINTS attorneys Chant Yedalian of Chant & Company, a Professional Law Corporation, and James A. Sturdevant as Class Counsel for the Settlement Class.

6. The Court APPOINTS Atticus Administration, LLC as the Settlement Administrator.

7. The Court FINDS that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the parties. In making these findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of Plaintiff and members of the Settlement Class, TSP's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the Settlement, and the fact that the proposed Settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

8. The Court FINDS that the notice provided to Settlement Class members and the means by which it was provided, all of which the Court previously approved, constituted the best notice practicable under the circumstances and was in full compliance with the United States Constitution, Federal Rule of Civil Procedure 23, and the requirements of due process. The Court further finds that the notice fully and accurately informed Settlement Class members of all material elements of the lawsuit and proposed class action Settlement, of each member's right to be excluded from the Settlement, and each member's right and opportunity to object to the proposed class action Settlement and to be heard at the fairness (final approval) hearing.

9. The Court FINDS that the manner and content of the notice of Settlement conforms with this Court's previous orders.

10. The Court FINDS that no Settlement Class members timely requested exclusion from the Settlement.

11. The Court FINDS that no Settlement Class members timely objected to the Settlement.

12. The Court FINDS that no Settlement Class members timely requested to appear or be heard at the April 3, 2018 fairness (final approval) hearing, nor did any Settlement Class members appear at the April 3, 2018 fairness hearing and request to be heard.

13. All Settlement Class members who did not timely exclude themselves from the Settlement are bound by the Agreement, including the release contained in paragraphs 17 and 18 of the Agreement.

14. The Court DIRECTS the Parties and the Settlement Administrator to effectuate all terms of the Settlement.

15. The Court AWARDS $150,000 in attorney fees to Class Counsel (to be allocated among Class Counsel according to Class Counsel's existing agreement with one another). TSP shall make payment of this award to Class Counsel pursuant to the terms of the Agreement. The Court finds this amount to be reasonable, in light of Plaintiff's counsel's customary hourly rate, the complexity of this matter, and the amount of time Plaintiff's counsel spent in this matter.

16. The Court AWARDS $5,000 to the Class Representative, Albert Viesse, as an incentive (service) award to compensate him for his service as the representative of the Settlement Class. TSP shall make payment of this award to the Class Representative pursuant to the terms of the Agreement. The Court finds this amount to be reasonable, in light of the efforts expended by Mr. Viesse.

17. The parties bear their own fees and costs.

18. The Court shall retain continuing jurisdiction to interpret, implement, and enforce the Settlement, and all orders and judgments entered in connection therewith.

//

1       DATED this 3rd day of April 2018.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

JUDGMENT AND FINAL APPROVAL ORDER
C16-1026-JCC
PAGE - 5